UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jorge Andrade Rico,<br><br>             Plaintiff,<br><br>     v.<br><br>Clark E. Ducart et al.,<br><br>             Defendants. | No. 2:19-cv-01989-KJM-DB<br><br>ORDER |

Shawna L. Ballard, Brian C. Baran, and Reichman Jorgensen Lehman & Feldberg LLP, counsel of record for plaintiff Jorge Andrade Rico, move for leave to withdraw as counsel. Mot. ECF No. 58. Plaintiff opposes the motion. *Id.* at 2.[1] Defendants have not opposed the motion. For the reasons below, the court **denies the motion without prejudice**.

Under Local Rule 182(d), if withdrawal would leave a client in propria persona, as it would in this case, the withdrawing attorney must seek leave of court, file a formal motion, and provide notice of the withdrawal to the client and all other parties who have appeared. E.D. Cal. L.R. 182(d). The attorney must provide an affidavit stating the efforts made to notify the client of the motion to withdraw, *id.*, and "take[ ] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client[.]" Cal. R. Prof. Conduct 1.16(d). California Rule of

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

Professional Conduct 1.16 provides several grounds upon which an attorney may seek to withdraw.

The decision to grant or deny a motion to withdraw is a matter of discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

Counsel have had a longstanding relationship with plaintiff, having represented him in a separate case, *Rico v. Beard*, No. 2:17-cv-01402-KJM-DB, and in the two appeals to the Ninth Circuit arising out of it. Mot. at 3. They also filed this case in 2019 and litigated the case on plaintiff's behalf. *Id.* Counsel now request leave to withdraw under Local Rule 182(d), representing "irreconcilable differences have arisen" such that counsel say they can no longer effectively maintain the attorney-client relationship. *Id.*; Ballard Decl. ¶ 3, ECF No. 58-1; Baran Decl. ¶ 3, ECF No. 58-2. Counsel say they have taken reasonable steps to avoid reasonably foreseeable prejudice to plaintiff's rights by providing notice to plaintiff, by timely responding to defendants' motion to dismiss, and by proposing an amendment to the briefing schedule on the pending motion to dismiss to "further ensure the absence of prejudice." Mot. at 3. Lastly, they argue withdrawal would not unduly delay the action. *Id.* at 4.

Apart from stating and declaring "irreconcilable differences have arisen," counsel provide no explanation regarding what the differences are or how those differences have made counsel unable to effectively maintain the attorney-client relationship. *See generally id.* For example, they do not say there has been a breakdown in communication, *see, e.g.*, *Johnson v. Patel*, No. 14-02052, 2019 WL 2465233, at *1 (E.D. Cal. June 13, 2019), or that continued representation would likely result in violation of the rules of professional conduct, *see, e.g.*, *Saavedra v. Mackey*, No. 21-01587, 2023 WL 2752582, at *1 (E.D. Cal. Mar. 31, 2023). Counsel also do not claim plaintiff's "conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]" Cal. R. Prof. Conduct 1.16(b)(4). If counsel are concerned that providing more

2

information would violate their obligations to protect attorney-client privileged communications or attorney work product, they may seek to file additional information under seal. But based on the record before it, the court finds counsel have not established good cause to withdraw. Accordingly, the **motion is denied without prejudice**.

Defendants shall file a reply in support of their renewed motion to dismiss within 10 days as provided by this court's prior order. Prior Order (Aug. 14, 2023), ECF No. 61. The hearing set for September 22, 2023, is hereby **vacated**.

This order resolves ECF No. 58.

IT IS SO ORDERED.

DATED: August 29, 2023.

CHIEF UNITED STATES DISTRICT JUDGE