UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jorge Andrade Rico, | No. 2:19-cv-01989-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Clark E. Ducart, et al., | |
| Defendants. | |

After the court denied their motion to withdraw without prejudice, Prior Order, ECF No. 63, Shawna L. Ballard, Brian C. Baran, and Reichman Jorgensen Lehman & Feldberg LLP, counsel of record for plaintiff Jorge Andrade Rico, renewed their motion for leave to withdraw as counsel, Mot. ECF No. 65.  Movants also request an amendment to the briefing schedule to provide plaintiff with an opportunity to file a supplemental brief if the court grants their motion. "Defendants take no position on the withdrawal motion and do not oppose the requested supplemental briefing."  Mot. at 3.[1]  The court takes the matter under submission without holding a hearing and **grants** the motion.

Under Local Rule 182(d), if withdrawal would leave a client in propria persona, as it would in this case, the withdrawing person must seek leave of court, file a formal motion and

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1

provide notice of the withdrawal to the client and all other parties who have appeared.  E.D. Cal. L.R. 182(d).  The attorney must provide an affidavit stating the efforts made to notify the client of the motion to withdraw, *id.*, and "take[ ] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client[.]"  Cal. R. Prof. Conduct 1.16(d).  The California Rule of Professional Conduct 1.16 provides several grounds upon which an attorney may seek to withdraw.  *Id.*

The decision to grant or deny a motion to withdraw is a matter of discretion.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice and possible delay.  *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).  Here, movants have established good cause for withdrawal and have complied with the applicable local rules and rules of professional conduct.

First, movants have now established good cause to withdraw.  Movants seek to withdraw because  plaintiff's "conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Mot. at 4 (quoting Cal. R. Prof. Conduct 1.16(b)(4)).  Without violating their duty of confidentiality, movants generally explain plaintiff "has made allegations of professional negligence and misconduct against RJLF and its attorneys," and those allegations "have led to a breakdown in communication such that [movants] are unable to effectively maintain the attorney-client relationship moving forward."  Ballard Decl. ¶ 3, ECF No. 65-1; *see* Baran Decl. ¶ 3, ECF No. 65-2.  Moreover, those allegations "risk creating a conflict of interest" between movants and plaintiff.  *Id.*  A breakdown in communication between client and attorney may constitute good cause for withdrawal.  *China Cent. Television v. Create New Tech. HK Ltd.*, No. 15-01869, 2015 WL 12826457, at *2 (C.D. Cal. June 25, 2015).  The attorney-client relationship cannot be maintained where there is an irremediable breakdown such that counsel can no longer effectively represent plaintiff. *See Gong v. City of Alameda*, No. 03-05495, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (granting motion to withdraw because "attorney-client

relationship [had] obviously broken down, making it unreasonably difficult for [counsel] to continue representing Plaintiffs")

Second, movants have also complied with California Rule of Professional Conduct 1.16, which requires the withdrawing attorney to "take[ ] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client[.]" Cal. R. Prof. Conduct 1.16(d). Movants have notified plaintiff of their intent to withdraw. *See* Ballard Decl. ¶¶ 4–5; Baran Decl. ¶¶ 4–5. They have timely responded to defendants' pending motion to dismiss and plaintiff has no other outstanding deadlines. *See* Mot. at 5; *see also* Opp'n to Mot. to Dismiss, ECF No. 57. They have also conferred with defendants prior to filing their current motion. Mot. at 3. Finally, because defendants do not take any position on the motion to withdraw and do not oppose any additional supplemental briefing period as to their pending motion to dismiss, the court finds withdrawal would not prejudice defendants or cause undue delay. The court is satisfied movants have complied with the requirements of Local Rule 182(d).

For the reasons above, the court **grants the motion to withdraw.** The court also finds good cause to amend the briefing schedule as to the pending motion to dismiss. **Within thirty (30) days of receiving a copy of this order**, plaintiff shall inform the court: 1) whether plaintiff intends to obtain new counsel or proceed pro se and 2) whether plaintiff seeks to file a supplemental opposition to defendants' motion to dismiss. If plaintiff fails to provide notice, the pending motion to dismiss shall be submitted without additional briefing. If plaintiff notifies the court of his intention to file a supplemental opposition, plaintiff shall have an additional **thirty (30) days** to file his opposition. Defendants may file a supplemental reply within **seven (7) days** of any such supplemental opposition.

The hearing set for November 3, 2023, is **vacated.** Movants are directed to serve plaintiff a copy of this order and file proof of service with the court within **seven (7) days.** Counsel must comply with all obligations under California Rule of Professional Conduct 1.16(e) regarding release of a client's papers and property and return of unearned fees and must also file proof of compliance with the court within **seven (7) days**.

This order resolves ECF No. 65.

1     IT IS SO ORDERED.

2 DATED: September 22, 2023.

                                            CHIEF UNITED STATES DISTRICT JUDGE